IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARNOLDO ROJERO | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-11-CV-3516-L-BD |
| UNITED STATES OF AMERICA | § § § | |
| Defendant. | § § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference dated March 13, 2012. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Arnoldo Rojero, a federal prisoner, challenging the conditions of his confinement at FCI Fort Worth and seeking money damages for his alleged wrongful conviction and the improper forfeiture of property. Plaintiff originally filed his complaint and an application to proceed *in forma pauperis* in the United States Court of Federal Claims. After granting *in forma pauperis* status to plaintiff, that court dismissed the complaint for lack of jurisdiction. *Rojero v. United States*, No. 10-CV-670 (Fed. Cl. May 9, 2011). Thereafter, the court reconsidered its order of dismissal and transferred the action to the Northern District of Texas. *Rojero v. United States*, No. 10-CV-670 (Fed. Cl. Jun. 27, 2011), *appeal dism'd*, No. 2011-5111 (Fed. Cir. Nov. 14, 2011). The court now determines that plaintiff's claims for money damages arising out of his conviction and the forfeiture of his property should be summarily dismissed

pursuant to 28 U.S.C. § 1915(e)(2). The claims related to his incarceration at FCI Fort Worth should be severed from this action and transferred to the Fort Worth Division of the Northern District of Texas.

II.

As best the court can decipher his prolix complaint, plaintiff appears to assert a variety of claims arising out of his confinement at FCI Fort Worth. Specifically, plaintiff alleges that he has been forced to sign various blank forms, that he is prohibited from communicating with his family by phone, that he is not allowed visitors, that he is unable to use money sent to him by family members, and that he has been denied access to legal materials. (*See* Doc. #1 at Pages 1-17). In a subsequent pleading, plaintiff seeks more than $93 million as compensation for his unjust conviction on federal drug charges and the improper forfeiture of his property. (*See* Doc. #8 at Pages 1, 4, 9-14).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

As a preliminary matter, the court determines that plaintiff's claims arising out of his incarceration at FCI Fort Worth should be transferred to the Fort Worth Division of the Northern District of Texas. Federal law permits a district court to transfer a case to any other district or division where the action might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). In his complaint, plaintiff asserts a variety of grievances against federal prison officials at FCI Fort Worth. Those claims should be severed from this action and transferred to the Fort Worth Division.

C.

Plaintiff's claims for wrongful conviction and improper forfeiture are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court held that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. This rule applies equally to civil rights actions against federal employees under *Bivens*, *see Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994), and to civil forfeiture proceedings related to a criminal conviction. *See Dadi v. Hughes*, 67 Fed. Appx. 242,

2003 WL 21108550 at *1 (5th Cir. Apr. 22, 2003), *cert. denied*, 124 S.Ct. 425 (2003). The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 114 S.Ct. at 2372. If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

It is clear from plaintiff's pleadings and a review of the dockets in the underlying criminal proceeding and forfeiture action that no court has ever reversed or invalidated plaintiff's federal drug conviction or the resulting forfeiture order. Consequently, plaintiff's civil rights claims are *Heck*-barred. *See Williams v. City of Dallas Police Dept.*, No. 3-09-CV-0275-P, 2009 WL 812239 at *3 (N.D. Tex. Mar. 26, 2009) (collecting cases); *United States v. Odiodio*, No. 3-99-CR-236-D(02), 2002 WL 32765642 at *2 (N.D. Tex. Mar. 26, 2002), *aff'd*, 61 Fed.Appx. 917, 2003 WL 1098864 (5th Cir. Feb. 12, 2003) (applying *Heck* to civil rights action seeking damages against the federal government and others for giving false testimony at criminal trial).[1]

## RECOMMENDATION

Plaintiff's claims for money damages arising out of his conviction and the forfeiture of his property should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). The claims related to his incarceration at FCI Fort Worth should be severed from this action and transferred to the Fort Worth Division of the Northern District of Texas.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

---

[1] To the extent plaintiff seeks release from custody, his complaint must be construed as a motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255. *See Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, plaintiff has already challenged his federal drug conviction in a section 2255 motion. *See United States v. Rojero*, No. 3-00-CV-2182-P (N.D. Tex. Nov. 17, 2000), *appeal dism'd*, No. 01-10056 (5th Cir. Jun. 5, 2001).

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 15, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE